IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GNR Films, LLC, d.b.a. GNR Automotive, ) | C/A No.: 3:24-cv- 05472-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (Jury Trial Requested) |
| Downforce Motorsports, LLC and ) | |
| Dan Long, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, GNR Films, LLC d/b/a GNR Automotive, LLC ("Plaintiff"), complaining of the Defendants, would respectfully show the Court:

**GENERAL ALLEGATIONS**

1. Plaintiff is a limited liability company duly organized and existing pursuant to the laws of the State of Georgia with its principal place of business in the State of Georgia, lawfully doing business in the State of South Carolina.

2. Plaintiff has three members.

3. Each of the members of Plaintiff LLC is an individual citizen and resident of the State of Georgia.

4. Upon information and belief, Defendant Downforce Motorsports, LLC ("Downforce") is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business located in Kershaw County, South Carolina.

5. Upon information and belief, Defendant Dan Long ("Long") is a citizen and resident of Kershaw County, South Carolina.

1

6.      The amount in controversy in this action exceeds Seventy-Five Thousand and no/100 ($75,000.00) dollars.

7.      This Court has jurisdiction over the parties and subject matter of this action pursuant to Federal Question Jurisdiction (28 U.S.C. §1331) and Diversity Jurisdiction (28 U.S.C. §1332). Venue is proper in this division.

## FACTS

8.      Upon information and belief, Long is a controlling person of Downforce.

9.      Upon information and belief Downforce is a dealer who obtains shell replica and continuation vehicles from Superformance automobiles and other manufacturers, completes them by installing engines, transmissions, and other equipment, and markets and sells the same to members of the public and other dealers, among other activities, and generally engages in the business of purchasing, finishing, modifying, selling and marketing automobiles, automotive parts and services.

10.      In or around December 2020, Long approached one of Plaintiff's members, Gray Bishop ("Bishop"), and solicited him to provide a significant investment in which Defendants would provide Bishop an interest in Downforce's profits in exchange for investments made by Bishop.

11.      Talks between Long and Bishop regarding the proposed investment in Downforce continued through late 2022, during which time the parties exchanged several proposed investment agreements.

12.      As a part of those solicitations and discussions, Long, individually and on behalf of Downforce, made representations relating to the expected performance of the venture and promised Bishop significant benefits and profits from the investment.

13. Ultimately, the parties' discussion resulted in an agreement, which was reduced to writing and entered into between Plaintiff and Defendants. The Plaintiff executed the agreement on October 14, 2022, and the Defendant executed the agreement on December 1, 2022. A copy of the Agreement is attached hereto as Exhibit A and incorporated herein by express reference.

14. Pursuant to the terms of the parties' agreement, Plaintiff invested Two Million Two Hundred Fifty Thousand and no/100 ($2,250,000.00) Dollars with Defendants.

15. In exchange for Plaintiff's investment, Plaintiff was to receive, among other things, a thirty percent interest in the annual profits of Downforce and thirty percent of the purchase price of any vehicles sold by Downforce.

16. Defendants were to forward payment of Plaintiff's share of the annual profits by the beginning of February following the end of each calendar year. Failure to make such payments when due entitled Plaintiff to an additional fifteen percent of the amount due.

17. Defendants were to forward payment of Plaintiff's share of each vehicle sale at the time of sale.

18. Plaintiff fulfilled its obligations pursuant to the Agreement when it tendered the Two Million Two Hundred Fifty Thousand and no/100 ($2,250,000.00) Dollar investment amount to the Defendants.

19. Upon information and belief, Defendant Long fraudulently induced Plaintiff to wire its funds to his bank account rather than Downforce's account, claiming that the account information he provided to Plaintiff was the bank account information for Defendant Downforce Motorsports' corporate account.

20. To date, Defendants have not paid Plaintiff its share of profits for 2022 and 2023.

21. To date, Defendants have not remitted a single payment of any kind to Plaintiff and have acted to avoid communicating with Plaintiff and its representatives.

22. Upon information and belief, Defendants have sold in excess of thirty vehicles since the parties entered into their agreement.

23. To date, Defendants have not paid Plaintiff its share of any of the vehicle sales.

## FOR A FIRST CAUSE OF ACTION
*(Violation of 15 USC §78(j)(B) and Rule 10(b)(5) – Securities Fraud)*

24. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

25. The joint venture agreement and the other opportunities that Defendants offered Plaintiff to obtain the ultimate sum of Two Million Two Hundred Fifty and no/100 ($2,250,000.00) Dollars all constituted "an investment in a common venture premised on a reasonable expectation of profits to be derived from entrepreneurial or management efforts of others." (*See*. e.g. *United Housing Foundation v. Forman*, 421 US 837 (1975).

26. The joint venture agreement and the other agreements offered by Defendants grant the plaintiff no control whatsoever and explicitly state that the "Plaintiff's only responsibility is to contribute the funds." These Agreements constitute a contract whereby a person (here the Plaintiff) invested their money in a common enterprise and was led to expect profits solely from the efforts of the promoter (here the Defendants).

27. The joint venture agreement is a security pursuant to the Securities Act of 1933.

28. Defendants made intentional misrepresentations to Plaintiff about the venture, including:

   a. Defendant would pay Plaintiff thirty percent of its annual profits by February 1st following the end of the previous calendar year.

4

  b.  Defendant would pay Plaintiff thirty percent of each vehicle sale at the time of each sale.

  c.  Defendant would utilize the entire investment to acquire inventory and assets to benefit the business.

  d.  None of the investment would be paid to or used for the personal benefit of Defendant Long.

  e.  The funds transferred by Plaintiff were being deposited into Defendant Downforce Motorsports' corporate account.

29. These material misrepresentations were willfully deceptive and were made utilizing instruments of interstate commerce, including electronic mail, text messages, the Internet, and telephone calls.

30. These material misrepresentations were also made verbally during in-person meetings.

31. Defendants omitted material information in connection with the sale of the security, including:

  a.  That rather than utilize the investment to secure additional inventory and build the business that Defendant Long would convert the money to his account and then utilize it to purchase personal assets, including, upon information and belief, a Ferrari automobile.

  b.  That rather than utilize the investment to support the business of Downforce Motorsports, Defendant Long and Downforce would spend significant sums on Long's personal racing endeavors, which had limited or no value to the success of the Downforce business of selling, marketing, and completing replica and continuation automobiles, but, instead, conveyed a personal benefit to Long.

  c.  That Long had previous financial issues, including significant judgments in the state of Arizona and, upon information and belief, tax liens and other information that the failure to disclose constitutes the misrepresentation of material facts.

32. At the time that Defendants made the representations, they knew that the representations were false and misleading. The Defendants knowingly made this material misrepresentations to Plaintiffs.

33. Plaintiff relied upon the Defendants' representations in making its decision to invest the funds and purchase the security from Defendants. But for the misrepresentations made, the Plaintiff would not have purchased the investment.

34. Defendants' actions constitute acts, practices, or course of business that operate as a fraud or deceit upon Plaintiff in connection with its investment in Defendant Downforce Motorsports.

35. Plaintiff has standing to bring this action as it purchased the security in question offered by Defendants.

36. Defendants have made no payments under the investment contract since its inception despite the sale of a substantial number of vehicles, making it worthless.

37. Plaintiff had a reasonable expectation of significant profit and return on its investment based on Defendant Downforce Motorsport's apparent performance since its investment.

38. Plaintiff is entitled to recover against Defendants, who are jointly and severally liable, for an amount in excess of Three Million ($3,000,000.00) Dollars to be proven at trial. This is the estimated difference between the fair value of what the seller would have received absent the misrepresentations and the amount of the benefit conveyed to the Defendants by the Plaintiff's investment.

39. Plaintiff is entitled to recover the actual damages suffered as a result of purchasing the security in an amount to be proven at trial, including, but not limited to, the amount of the investment and damages based on the expected benefit of their bargain.

40. Defendants' conduct constitutes a violation of 15 U.S.C.§78(j)(b) and Rule 10(b)(5).

## FOR A SECOND CAUSE OF ACTION
*(Violation of South Carolina Securities Act – Securities Fraud)*

41. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

42. The parties' agreement is a security as defined in S.C. Code Ann. §35-1-102(29)(D).

43. Defendants' material misrepresentations and omissions in the sale of security as referenced herein are conduct deemed unlawful pursuant to S.C. Code Ann. §35-1-501 and 35-1-502.

44. Defendants are liable to the Plaintiff pursuant to Section 35-1-509(b).

45. Plaintiff is entitled to recover the Two Million Two Hundred Fifty and no/100 ($2,250,000.00) Dollars invested with Defendants pursuant to S.C. Code Ann. §35-1-509(1) and actual damages pursuant to Section 35-1-509(c)(3).

46. Plaintiff is also entitled to recover its costs and reasonable attorney's fees, as may be determined by the Court, pursuant to S.C. Code Ann. §35-1-509-(c)(3).

47. Defendants are jointly and severally liable to Plaintiff pursuant to S.C. Code Ann. §35-1-509(g).

## **FOR A THIRD CAUSE OF ACTION**
*(Breach of Contract)*

48. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

49. Pursuant to the terms of the parties' agreement, Plaintiff was to invest Two Million Two Hundred Fifty Thousand and no/100 ($2,250,000.00) Dollars with Defendants.

50. In exchange for Plaintiff's investment, Plaintiff was to receive, among other things, a thirty percent interest in the annual profits of Defendant Downforce Motorsports and thirty percent of the purchase price of any vehicles sold by Defendant Downforce Motorsports.

51. Defendants were to forward payment of Plaintiff's share of the annual profits by the beginning of February following the end of each calendar year—failure to make such payments when due entitled Plaintiff to an additional fifteen percent of the amount due.

52. Defendants were to forward payment of Plaintiff's share of each vehicle sale at the time of sale.

53. Plaintiffs have paid Defendants Two Million Two Hundred Fifty Thousand and no/100 ($2,250,000.00) Dollars for the investment.

54. In breach of the parties' agreement, to date, Defendants have not paid Plaintiff its share of profits for 2022 and 2023.

55. Upon information and belief, Defendants have sold in excess of thirty vehicles since the parties entered into their agreement.

56. In breach of the parties' agreement, to date, Defendants have not paid Plaintiff its share of any of the vehicle sales.

57. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the parties' agreement.

58. Upon information and belief, as a direct and proximate result of Defendants' breach above alleged, Plaintiff has incurred costs and expenses, and has suffered and will suffer direct, indirect, consequential, general, and special damages in an amount no less than Two Million Two Hundred Fifty Thousand and no/100 ($2,250,000.00) Dollars.

## FOR A FOURTH CAUSE OF ACTION
*(Breach of Contract Accompanied by a Fraudulent Act)*

59    The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

60. When they failed to tender payment to the Plaintiff upon the sale of each vehicle as they agreed, the Defendants breached the contract with the Plaintiff.

61. When they failed to tender year-end profits in 2023 and 2024 for the prior years as agreed, the Defendants breached the contract with the Plaintiff.

62. When they failed to give any report or communicate information about the operation of Downforce, Defendants breached the contract.

63. Defendants instead provided false and misleading information to the Plaintiffs, including reporting that vehicles that were sold were, in fact, still in inventory, that vehicles were not being sold, and that business was bad.

64. Upon information and belief, Defendants falsely represented the financial situation of the business by reporting inventory at retail market price to inflate the value of assets, by misrepresenting expenses, and by not reporting monies appropriated from the Company and used improperly by Defendant Long.  Plaintiff is informed and believes that Defendants have engaged in numerous other false and misleading statements to the Plaintiffs, which will be revealed by discovery.

65. All of these representations were false and misleading.

66. Each of these actions was characterized by Defendants' dishonesty in fact, unfair dealing, and the unlawful appropriation of Plaintiff's property by design.

67. Plaintiff is entitled to an award of actual and punitive damages based upon Defendants' breach of contract accompanied by a fraudulent act.

**FOR A FIFTH CAUSE OF ACTION**
*(Conversion against Defendant Long)*

68. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

69. Long and Downforce represented to Plaintiff that the funds being transferred for the investment were being transferred into the account of the corporate Defendant.

70. Upon information and belief, Long, while fully aware of that representation, instead sent Plaintiff wiring instructions for his personal bank account and, relying upon his representation, Plaintiff caused the sum of Two Million Two Hundred Fifty Thousand and no/100 ($2,250,000.00) Dollars to be wired into and deposited in his account.

71. After wrongfully receiving the monies into his account, upon information and belief, Long converted some or all of those funds, which were the property of Plaintiff to be invested in Downforce, to his use.

72. Long's use of the funds is an unauthorized assumption of the right of ownership over the money and property that belongs to Plaintiff.

73. The money that Long has used from the investment made by the Plaintiff does not belong to him, and his use of the same is without legal authority of any kind.

74. In using the funds and assets as they are, the Defendants are converting the funds that properly belong to Plaintiff as Plaintiff's investment.

75.     As a direct and proximate result of Long's unauthorized use of Plaintiff's monies and property, Plaintiff has been injured and sustained damages in an amount no less than the amount that Long converted to his own use, including every amount that has been spent by Long inappropriately.

76.     Plaintiff is entitled to an Order of this Court requiring Defendants to provide a full accounting of their use of the funds after the transfer by Plaintiff into Long's personal account, an order appointing a receiver to hold those funds and conduct that accounting, an Order requiring defendants to immediately cease using those funds and their proceeds, including any inventory currently held by Defendant Downforce, and an Order awarding the funds and assets to Plaintiff in accord with applicable law.

77.     Plaintiff is further entitled to its actual damages sustained as a result of the Defendants' conversion of its property, actual and exemplary, together with its costs and attorney's fees.

### FOR A SIXTH CAUSE OF ACTION
*(Breach of Fiduciary Duty against Defendant Long)*

78.     The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

79.     Long served as a member and manager of Downforce.

80.     As a member and the individual who specifically sold the investment to Plaintiff and made representations as to his stewardship of said investment, Long served as a fiduciary. He was in a position of trust, with an obligation to faithfully adhere to the law, including to ensure that all of the invested funds reached Downforce and were used for the purposes that he represented to Plaintiff.

81. Long acted specifically and with intent to create a special relationship of trust with the members of Plaintiff.

82. Long acted to create this relationship of trust so as to develop a reliance upon him by the Plaintiff.

83. Plaintiff relied upon Long and trusted him to protect its interest as he repeatedly assured Plaintiff he would.

84. Upon information and belief, Long failed to meet these obligations.

85. Long breached his fiduciary duty in that he failed to properly account for funds and assets, transferred and used assets for his benefit and the benefit of members of his family, failed to utilize funds appropriately for Downforce and in the interest of his and Downforce's obligations to the Plaintiff.

86. As a direct and proximate result of the breaches above alleged, Plaintiff has been damaged in an amount no less than the money that was improperly spent by Long to be determined through discovery and to be proven at trial.

87. Plaintiff is entitled to, and the Court should issue its order awarding Plaintiff actual and exemplary damages against Long for his breach of fiduciary duty in an amount to be determined by the trier of fact.

**FOR A SEVENTH CAUSE OF ACTION**
*(Quantum/Meruit/Unjust Enrichment)*

88. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

89. Plaintiff has conferred a benefit on Defendants by making its investment in Downforce and transferring funds into Long's personal accounts.

90. Defendants have abused this benefit by using the money for personal gain and to operate Downforce.

91. Retaining this benefit is unjust, and Defendants are, therefore, required to return the funds allocated to them because allowing Defendants to continue to use the funds allows their use for private benefit and not for the purpose of the investment.

92. Wherefore, Plaintiff seeks an award from the trier of fact in an amount to be proven at trial.

## FOR AN EIGHTH CAUSE OF ACTION
*(Constructive Trust)*

93. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

94. Plaintiff transferred funds to Defendants to be used to acquire inventory and for the purposes of operating the business, Downforce Motorsports, as represented to Plaintiff.

95. Defendants have utilized these funds inappropriately for personal purposes and gain without regard to Plaintiff's rights.

96. A Constructive trust is necessary to prevent any further use, transfer, or wasting of Plaintiff's Assets by the Defendants.

## FOR A NINTH CAUSE OF ACTION
*(First Request for Preliminary Relief, Temporary Restraining Order and Permanent Injunction)*
*(Rule 65 FRCP)*

97. The preceding paragraphs are incorporated by reference to the extent that they are not inconsistent with the allegations herein.

98. As of September 30, 2024, Downforce Motorsports shows an inventory of 26 vehicles at a retail price totaling just over $3,400,000.00. Many of these vehicles are incomplete, requiring a significant amount of time and money to ready for sale at that retail price.

99. Upon information and belief, the total current net value of the inventory is less than the amount of Plaintiff's investment.

100. The only financial information on Defendant Downforce provided to the Plaintiff, despite numerous requests, indicated approximately $159,000 in bank accounts and significant liabilities in the entity. No financial information has been provided for Defendant Long.

101. Upon information and belief, except for the inventory being valued at sale price when it is incomplete and needs additional materials and labor before sale, the entity is likely insolvent.

102. This insolvency is further reflected by the fact that despite multiple vehicle sales which trigger payments owed to Plaintiff by Defendants "at the time of sale," no payments have been made to the Plaintiff by either Defendant.

103. Upon information and belief, Defendants have used and are using the monies they obtained from Plaintiff on matters other than the agreed upon purpose and have failed to provide any information relating to the business to the Plaintiff with the intent to perpetuate their fraudulent scheme.

104. In this case, as demonstrated by Defendants' conduct, a substantial risk exists that the funds and inventory in Defendants' control will be wasted, misallocated, misappropriated, or expended unnecessarily.

105. Defendants likely cannot repay any of Plaintiff's funds that they waste, misallocate, misappropriate, or expend unnecessarily.

106. Plaintiff will be irreparably harmed if the funds it "invested" and which Defendants have appropriated are wasted, misallocated, or misappropriated as it appears they have and will continue to be absent intervention by this Court.

107. The only available remedies at law are inadequate to prevent Defendants from wasting, misallocating, misspending, or misappropriating funds or to provide an adequate means of recovery in the event waste, misallocation, misspending, or misappropriation occurs.

108. Plaintiff will continue to suffer losses if Defendants are permitted to continue to operate using Plaintiff's funds.

109. Therefore, Plaintiff asks this Court to enter an order enjoining Dan Long, his agents, employees, successors and assigns and Downforce Motorsports, LLC, and anyone acting on its or their behalf, including their officers, directors, administrators, consultants, accountants or other professionals, from engaging in any of the following acts:

   a. transferring any funds to or from the any deposit Account.

   b. opening or closing any bank accounts.

   c. Expending any funds from any bank account or other account holding funds.

   d. adding, removing, or modifying signatories to any bank accounts.

   e. purchasing any real property,

   f. Encumbering or transferring any real or personal property in any way,

   g. Incurring any expense not authorized by this Court or its duly appointed receiver,

   h. Buying, selling, paying, transferring, moving, or taking any action with regard to any asset held in either of Defendants' names or on their behalf by any third party,

   i. engaging in any transaction that is unnecessary for any activity except as mandated by this Court or its duly appointed receiver.

110. Plaintiff requests that the order provide the injunction should last until the further Order of this Court.

## FOR A TENTH CAUSE OF ACTION
*(Second Request for Preliminary Relief – Appointment of Receiver)*
*(Rule 66 FRCP)*

111.   Every allegation contained in Paragraphs 1-109 of this Complaint is incorporated and restated as if the same were repeated verbatim herein.

112.   *S.C. Code Ann.* § 15-65-10(1) provides, "A receiver may be appointed by a judge of the circuit court, either in or out of court…[b]efore judgment…when he establishes an apparent right to property which is the subject of the action and which is in the possession of an adverse party and the property, or of its rents and profits, are in danger of being lost or materially injured or impaired…"  This language is consistent with practice in the Federal Courts of South Carolina and with Rule 66, FRCP.

113.   Plaintiff has an apparent right to the assets of Defendants based upon their fraudulent conduct and violation of various statutory requirements relating to Federal and State Securities laws, contract and other issues.

114.   These funds, which rightfully belong to the Plaintiff are in possession of the Defendants, and the funds are in danger of being lost or materially impaired or depleted.

115.   Receivers have previously been appointed to protect assets in similar circumstances.

116.   Plaintiff requests that the Court put a Receiver in place immediately and that said Receiver remain through the conclusion of this action to inventory the assets and protect the interests of Plaintiff therein.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in their favor and against Defendants, jointly and severally, as follows:

a.   On the First Cause of Action, actual damages in an amount to be proven at trial,

including, but not limited to the amount of the investment and damages based on the expected benefit of Plaintiff's bargain, in an amount to be determined by the trier of fact.

      b.      On the Second Cause of Action, judgment for $2,250,000.00 pursuant to S.C. Code Ann., 35-1-509, actual damages in an amount to be determined by the trier of fact, and reasonable costs and attorney's fees as also allowed pursuant to S.C. Code Ann. §35-1-509(c).

      c.      On the Third Cause of Action, direct, indirect consequential, general and special damages in an amount of more than $2,250,000.00 dollars, together with costs and expenses incurred as a result of Defendants' breach of the contract.

      d.      On the Fourth Cause of Action, an award of actual and punitive damages in an amount to be determined by the trier of fact.

      e.      On the Fifth Cause of Action (against Defendant Long), an award of actual and exemplary damages in an amount to be determined by the trier of fact, together with Plaintiff's cost and attorney's fees.

      f.      On the Sixth Cause of Action (against Defendant Long) an award of actual and exemplary damages in an amount to be determined by the trier of fact, together with Plaintiff's cost and attorney's fees.

      g.      On the Seventh Cause of Action, a return of all funds invested and their proceeds and an award of damages in an amount to be determined by a trier of fact.

      h.      On the Eighth Cause of Action, an Order of Constructive Trust declaring that all of the assets owned by Defendants and in the Downforce Motorsports, LLC custody and control belong to and should be held only for the use and benefit of the Plaintiff.

      i.      On the Ninth Cause of Action, a temporary and permanent injunction enjoining Downforce Motorsports, LLC, Dan Long, and anyone acting on it or their behalf, including

officers, directors, administrators, consultants, accountants or other professionals, from engaging in any of the following acts:

1. transferring any funds to or from any Downforce Motorsports, LLC bank account or any account on which Dan Long serves as signatory,

2. the sale, assignment, or encumbrance of any Downforce Motorsports inventory,

3. opening or closing any bank accounts,

4. expending any funds from any bank account or other account holding funds that in the name of or for which any defendant is a signatory,

5. adding, removing, or modifying signatories to any bank accounts.

6. purchasing any real property,

7. Encumbering or transferring any real or personal property in any way,

8. Incurring any expense not authorized by the Court through a Court-Appointed receiver,

9. buying, selling, paying, transferring, moving, or taking any action with regard to any asset owned by any Defendant.

10. engaging in any unnecessary transaction or any transaction not approved by the receiver.

j. On the Tenth Cause of Action, the immediate appointment of a Receiver with said Receiver to remain until such time as this Court issues an Order disposing of the assets and relieving the Receiver of his or her obligations under the Court's Order.

k. On all causes of action, reasonable costs, attorney's fees, and all damages allowed by law.

l. For such other and further relief as the Court deems just and proper.

**PLANTIFF DEMANDS INJUNCTIVE RELIEF.**

        Respectfully submitted,

        s/ Michael H. Montgomery
        Michael H. Montgomery
        USDC DSC ID# 3960
        Allen Bullard
        USDC DSC ID# 9226
        MONTGOMERY WILLARD, LLC
        1002 Calhoun Street (29201)
        Post Office Box 11886
        Columbia, South Carolina 29211
        (803) 779-3500
        (803) 799-2755 (fax)
        mhm@montgomerywillard.com
        abullard@montgomerywillard.com

        ATTORNEYS FOR GNR FILMS, LLC d/b/a
        GNR MOTORSPORTS

October 1, 2024
Columbia, South Carolina.